UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

| | |
|---|---|
| CHAMBERS OF<br>DEBORAH L. BOARDMAN<br>UNITED STATES DISTRICT JUDGE | 101 WEST LOMBARD STREET<br>BALTIMORE, MARYLAND 21201<br>(410) 962-7810<br>Fax: (410) 962-2577<br>MDD_DLBChambers@mdd.uscourts.gov |

July 26, 2021

LETTER TO COUNSEL

    RE:    *Garry L. v. Kijakazi*[1]
             Civil No. DLB-20-1351

Dear Counsel:

    On June 1, 2020, plaintiff petitioned this Court to review the Social Security Administration's ("SSA's") final decision to deny his claims for Disability Insurance Benefits and Supplemental Security Income. ECF 1. I have considered the parties' cross-motions for summary judgment. *See* Pl.'s Mem., ECF 17; Def.'s Mem., ECF 18. I find no hearing necessary. *See* Loc. R. 105.6 (D. Md. 2018). This Court must uphold the denial if the SSA employed correct legal standards in making findings supported by substantial evidence. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will deny plaintiff's motion, grant the Commissioner's motion, and affirm the Commissioner's judgment pursuant to sentence four of 42 U.S.C. § 405(g). *See* 42 U.S.C. § 1383(c)(3). This letter explains my rationale.

    Plaintiff filed his claims for benefits on April 19, 2017, alleging an onset date of March 9, 2013. Administrative Transcript ("Tr.") 251–52, 258–64. The SSA denied his claims initially and on reconsideration. Tr. 176–82, 186–91. An Administrative Law Judge ("ALJ") held a hearing on May 22, 2019, at which plaintiff amended his alleged onset date to October 30, 2015. Tr. 33–78. Following the hearing, the ALJ determined plaintiff was not disabled within the meaning of the Social Security Act during the relevant time frame. Tr. 9–27. Because the Appeals Council denied plaintiff's request for review, the ALJ's decision constitutes the final, reviewable decision of the SSA. Tr. 1–3; *see Sims v. Apfel*, 530 U.S. 103, 106-07 (2000); 20 C.F.R. § 422.210(a).

---

[1] Kilolo Kijakazi recently became the Acting Commissioner of Social Security. *Office of the Commissioner*, SOC. SEC. ADMIN., www.ssa.gov/org/coss.htm (last visited July 21, 2021). Pursuant to the last sentence of 42 U.S.C. § 405(g), actions brought under that Section "survive notwithstanding any change in person occupying the office of the Commissioner of Social Security." Substitution of the successor as the party in interest is automatic. Fed. R. Civ. P. 25(d).

*Garry L. v. Kijakazi*
Civil No. DLB-20-1351
July 26, 2021
Page 2

The ALJ found plaintiff severely impaired by "loss of central visual acuity, degenerative joint disease of the right knee, personality and impulse control disorder, depression, and anxiety." Tr. 14. Despite these impairments, the ALJ determined plaintiff retained the residual functional capacity ("RFC") to:

> perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except he can never climb ladders, rope[s], or scaffolds or balance. He can occasionally climb ramps and stairs and frequently stoop, kneel, crouch, and crawl. He can occasionally be exposed to extreme heat or cold weather and can never be exposed to hazards such as moving mechanical parts, unprotected heights, fire, or open bodies of water. He is limited to monocular vision with no depth perception and a reduced field of vision on the left side; he cannot see out of his left eye. He can have no exposure to flashing lights or lights brighter than that found in a normal office environment. He can have no use of computer monitors or screens. He would need to wear prescribed sunglasses throughout the workdays. He is limited to simple[,] routine[,] repetitive tasks, not at a production rate pace. He can never have occasional interaction with supervisors, co-workers, and the public. He can never operate a motor vehicle.

Tr. 18. After considering the testimony of a vocational expert ("VE"), the ALJ determined plaintiff was unable to perform his past relevant work but could perform other jobs that exist in significant numbers in the national economy. Tr. 25–27. Therefore, the ALJ concluded that plaintiff was not disabled.

On appeal, plaintiff argues that the ALJ erred by presenting an insufficient RFC to the VE. Pl.'s Mem. 7–9. Specifically, plaintiff argues that the RFC determination "does not adequately represent all of [his] limitations with focus, concentration, and absenteeism." Pl.'s Mem. 7. Plaintiff argues that certain medical evidence he submitted substantiated further limitations in these areas and that, consequently, the ALJ's failure to include more limitations in the RFC determination was "unconscionable." *Id.* Because substantial evidence supports the ALJ's decision, I affirm.

"The RFC assessment is a function-by-function assessment based upon all of the relevant evidence of an individual's ability to do work-related activities." Social Security Ruling ("SSR") 96-8p, 1996 WL 374184, at *3 (July 2, 1996). In making the assessment, the ALJ determines "the capacity [an individual] possesses despite the limitations caused by impairments." *Britt v. Saul*, --- F. App'x ----, 2021 WL 2181704, at *5 (4th Cir. 2021) (citing 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1)). "[I]t is the duty of the [ALJ] reviewing the case, and not the responsibility of the courts, to make findings of fact and to resolve conflicts of evidence." *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990) (citing *King v. Califano*, 599 F.2d 597, 599 (4th Cir. 1979)). Indeed, "[t]he findings of the Commissioner . . . as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). "And whatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019). Substantial evidence "means—and means only—such relevant evidence as a

*Garry L. v. Kijakazi*
Civil No. DLB-20-1351
July 26, 2021
Page 3

reasonable mind might accept as adequate to support a conclusion." *Id.* (internal quotation marks omitted).

In this case, the ALJ discussed the record at length. The ALJ first described plaintiff's allegations of disabling physical and mental limitations. Tr. 18–19. The ALJ then discussed the treatment notes submitted by plaintiff and his providers. Tr. 19–21. The ALJ next discussed the consistency of plaintiff's allegations with the evidence of record. Tr. 21–22. The ALJ also discussed a previous adverse determination plaintiff received in 2015 as well as the persuasive weight to which the ALJ found that previous determination entitled. Tr. 22–23. Finally, the ALJ discussed the numerous medical opinions contained in the record, both those generated by agency consultants and those submitted by plaintiff's own providers. Tr. 23–25. Plaintiff asserts no specific legal errors with respect to the ALJ's discussion of this evidence.

Rather, plaintiff argues that evidence submitted by two physicians—Dr. Cox and Dr. Pung—supports his argument that the ALJ should have identified additional limitations when she assessed plaintiff's RFC. Pl.'s Mem. 8–9. The ALJ, however, considered the evidence submitted by both physicians. *See* Tr. 24–25. First, the ALJ found Dr. Cox's opinion unpersuasive because it was "inconsistent with and unsupported by evidence that [plaintiff] has no significant deficits with his memory, that he did not have suicidal ideations, that he generally had a normal thought process and concentration, and that he was able to take public transportation without issue." Tr. 24. Plaintiff's argument with respect to Dr. Cox's opinion amounts to no more than a request that this Court reweigh the evidence, which the Court may not do. *See* 42 U.S.C. § 405(g); *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012) ("In reviewing for substantial evidence, we do not undertake to reweigh conflicting evidence, make credibility determinations, or substitute out judgment for that of the [ALJ].") (quoting *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005)) (alteration in original).

Second, plaintiff points out that Dr. Pung "opined that Lee would be off-task due to his visual limitations." Pl.'s Mem. 8. Plaintiff does not develop any further argument with respect to this opinion. *See* Pl.'s Mem. The ALJ found Dr. Pung's opinion "greatly persuasive." Tr. 25. The ALJ acknowledged that Dr. Pung opined plaintiff would be off task five percent of a workday. Tr. 25. The ALJ did not include this, or any, off-task limitation in the RFC determination. *See* Tr. 18. To the extent that plaintiff argues that remand is necessary because the ALJ assigned great persuasive weight to this opinion and did not include one of the limitations contained therein in the RFC determination, I disagree. Assuming without deciding that the ALJ was required to include this off-task limitation in the RFC determination, I find any error harmless. As plaintiff points out, "[t]he VE testified that an individual who would be off task more than 10 [percent] of a workday would be unable to engage in competitive employment." Tr. 72. The VE also testified that employers tolerate up to 10 percent time off task. Tr. 72. Thus, even had the ALJ included Dr. Pung's off-task limitation in the RFC determination, the VE testified that such time off task would not preclude competitive employment. Plaintiff has therefore failed to demonstrate that the omission of this off-task limitation was harmful error. *See Shinseki v. Sanders*, 556 U.S. 396, 409 (2009) ("the party that 'seeks to have a judgment set aside because of an erroneous ruling carries

*Garry L. v. Kijakazi*
Civil No. DLB-20-1351
July 26, 2021
Page 4

the burden of showing that prejudice resulted'") (citing *Palmer v. Hoffman*, 318 U.S. 109, 116 (1943)) (internal citations omitted). Thus, remand is unwarranted.

Ultimately, the law confines my review to whether the ALJ employed correct legal standards in making factual findings supported by substantial evidence. *Craig*, 76 F.3d at 589. Inherently limited in scope, substantial evidence review asks only whether the record contains "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 390, 401 (1971). The inquiry is therefore not whether I agree with the ALJ's conclusions but whether "more than a mere scintilla" of evidence supports them. *See Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). On the record before me, I find the ALJ applied correct legal standards and made findings supported by substantial evidence.

For the reasons set forth herein, plaintiff's motion for summary judgment, ECF 17, is denied, and defendant's motion for summary judgment, ECF 18, is granted. The SSA's judgment is affirmed pursuant to sentence four of 42 U.S.C. § 405(g).

Despite the informal nature of this letter, it should be flagged as an opinion. A separate order follows.

Sincerely yours,

/s/

Deborah L. Boardman
United States District Judge